IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DAVID MURPHY, ) | |
| ) | |
| Petitioner, ) | Case No. CV-07-230-S-BLW |
| ) | |
| v. ) | **INITIAL REVIEW ORDER** |
| ) | |
| STATE OF IDAHO, DIRECTOR OF ) | |
| IDOC, WARDEN KIM JONES, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner filed a Petition for Writ of Habeas Corpus on May 17, 2007. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing Section 2254 Cases.

### REVIEW OF PETITION

**A.    Background**

Petitioner's judgment of conviction was entered on December 30, 1992. Petitioner pled guilty to four counts of robbery and rape under a plea agreement that included a waiver of his right to appeal. He received four concurrent sentences of forty years fixed with life indeterminate.

Petitioner filed a Rule 35 motion for correction of illegal sentence in state court on March 9, 2006, alleging that his sentence exceeded the statutory maximum. The motion

**INITIAL REVIEW ORDER - 1**

was denied, and denial of the motion was affirmed on appeal before the Idaho Court of Appeals. The Idaho Supreme Court denied Petitioner's petition for review on May 8, 2007.

**B.	Standard of Law**

In order to have a habeas corpus petition heard in federal court, a petitioner must allege that he is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court is required to review the petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

**C.	Discussion**

Petitioner alleges that his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights have been violated as a result of his alleged illegal sentence. He alleges that an "indeterminate life sentence" in Idaho is the equivalent of thirty years, and that his sentence of forty years fixed, with life indeterminate, exceeds the statutory maximum sentence. He makes no particular arguments as to how each provision of the Constitution has been violated by the sentence he received; if he is entitled to proceed, he may proceed only under those particular legal theories that were properly presented to the

**INITIAL REVIEW ORDER - 2**

Idaho Supreme Court.  The Court notes that the Ninth Amendment provides no cause of action for relief.[1]

It is unclear whether Petitioner has met the procedural requirements to file a federal habeas corpus action.  As a result, the Court will order that the Clerk of Court serve a copy of the Petition on Respondent Kim Jones, who may respond within 60 days either by answer or pre-answer motion, and who shall be required to supply relevant portions of the state court record.

**D.**     **Habeas Corpus Standards of Law**

Petitioner should be mindful of the following standards of law that may apply to this case.

The Petition, filed on May 15, 2007 (mailbox rule date), is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period  begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court suggested that the statute of limitations applies on a claim-by-claim basis:

---

[1] In *Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986) (civil rights context), the Ninth Circuit held that "the Ninth Amendment has not been recognized to independently secure any constitutional right." *Id*. at 748.

**INITIAL REVIEW ORDER - 3**

> Section 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Id.* at 416 n.6.[2]

Because Petitioner's conviction was prior to 1996 when AEDPA was enacted, his statute of limitations on claims challenging his conviction and sentence began on April 24, 1996, and, absent any tolling, ended on April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). If Petitioner has claims that have a different triggering event, such as § 2244(d)(1)(B) (governmental interference), § 2244(d)(1)(C) (new right made retroactive), or § 2244(d)(1)(D) (new factual predicate), he may be able to show that these claims are timely.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other application for collateral review, the time that the application was pending in state court will not count toward the one-year limitation

---

[2] *Accord*, *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (statute of limitations applies on a "claim-by-claim basis").

**INITIAL REVIEW ORDER - 4**

period. However, if the federal statute of limitations has already expired on a claim, a new state petition cannot resurrect the expired federal statute. *See Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time.

      2.      <u>Exhaustion and Procedural Default</u>

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim properly, a petitioner must fairly present it to the highest state court for review in a procedurally proper manner under state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

**INITIAL REVIEW ORDER - 5**

State remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in the highest state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a

**INITIAL REVIEW ORDER - 6**

"fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To show a miscarriage of justice, Petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995). Where the defendant pled guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995).

      3.     <u>Claims Proceeding on Merits</u>

For any claims that survive these procedural requirements and proceed on the merits, a petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**INITIAL REVIEW ORDER - 7**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall serve the petition (Docket No. 1), with exhibits, together with a copy of this Order, on the Attorney General for the State of Idaho, on behalf of Respondent Kim Jones as follows:

> L. LaMont Anderson
> Office of the Idaho Attorney General
> P.O. Box 83720
> Boise, ID 83720-0010.

If service of the Petition has previously been made to the Idaho Attorney General, the Clerk of Court need not send an additional copy unless requested by the Idaho Attorney General.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts within 60 days after entry of this Order.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any motions for summary judgment within 90 days after entry of this Order.  A motion

**INITIAL REVIEW ORDER - 8**

for summary judgment shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses to such motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses.  These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made. The Court will not

**INITIAL REVIEW ORDER - 9**

consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rule 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

      IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1. The Court will not consider requests made in the form of letters.

      IT IS FURTHER HEREBY ORDERED that no motions for default judgment shall be filed in this case. Default judgment is not applicable in habeas corpus actions.

      IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the

**INITIAL REVIEW ORDER - 10**

Court and Respondent advised of any changes in address.



DATED: **July 3, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER - 11**