IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL DAVID MURPHY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-230-C-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| STATE OF IDAHO, DIRECTOR OF | ) | |
| IDOC, WARDEN KIM JONES, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter are Respondent's Motion to Dismiss (Docket No. 9), Petitioner's Motion for Appointment of Counsel (Docket No. 12), Petitioner's Motion to Suppress (Docket No. 13), and Petitioner's Motion for Status (Docket No. 21). The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Docket No. 8). Having reviewed the pending motions, as well as the state court record, the Court determines that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## MOTION TO DISMISS

### A.     Standard of Law for Motion to Dismiss

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. Summary dismissal is appropriate if, after reviewing the Petition, the state court record, and the pleadings or papers filed by Respondent, the Court determines that Petitioner is not entitled to relief on his claims. *See Roba v. U.S.*, 604 F.2d 215 (2d Cir. 1979) ("The habeas corpus court is always entitled to dismiss the petition without a hearing if the factual allegations are insufficient to warrant relief.") (relying on Rule 4, Rules Governing Section 2254 Cases).

### B.     Factual and Procedural Background

Petitioner's judgment of conviction was entered on December 30, 1992. Petitioner pleaded guilty to three counts of rape and one count of robbery. As a result of a plea agreement, Petitioner waived his right to appeal, and the State dismissed three counts of first-degree kidnaping and one count of robbery. Petitioner received four concurrent sentences of forty years fixed with life indeterminate. (See State's Lodgings A-1 & A-2.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed a notice of appeal in state court, attempting to challenge his waiver and sentence. The Idaho Supreme Court determined that he had voluntarily waived his right to appeal, and his appeal was dismissed. The remittitur issued on May 10, 1994. (See State's Lodgings B-1 to B-5.)

On April 17, 1995, Petitioner filed a state post-conviction relief petition, challenging among other issues, his sentence. The state district court appointed counsel, held an evidentiary hearing, and later dismissed the case. Petitioner appealed after the case was dismissed. (See State's Lodging C-1.) The Idaho Court of Appeals affirmed the dismissal, and the Idaho Supreme Court later denied Petitioner's petition for review. The remittitur issued on September 30, 1998. (See State's Lodgings D-1 to D-13.)

Approximately eight years later, on March 9, 2006, Petitioner filed a Rule 35 motion for correction of illegal sentence, alleging that his sentence exceeded the statutory maximum. The motion was denied, and denial of the motion was affirmed on appeal before the Idaho Court of Appeals. The Idaho Supreme Court denied Petitioner's petition for review on May 8, 2007. Petitioner's federal petition was filed on May 15, 2007 (mailbox rule date).

Here, Petitioner alleges that his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights have been violated as a result of his alleged illegal or ambiguous sentence. He alleges that an "indeterminate life sentence" in Idaho is the equivalent of

**MEMORANDUM DECISION AND ORDER - 3**

thirty years, and that his sentence of forty years fixed with life indeterminate exceeds the statutory maximum sentence.

## C.     First and Ninth Amendment Claims

Petitioner alleges that his First Amendment rights were violated, but he has provided no supporting facts that would merit issuance of a writ of habeas corpus. Therefore, the claim is subject to summary dismissal. As for his Ninth Amendment claim, the courts have determined that "the Ninth Amendment has not been recognized to independently secure any constitutional right." *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (civil rights context).

## D.     Statute of Limitations

### 1.     Standard of Law

At issue is whether Petitioner's federal Petition was filed before the statute of limitations expired. The Petition, filed on May 15, 2007 (mailbox rule date), is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a one-year statute of limitation applies to an application for a writ of habeas corpus.[1] 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the

---

[1] In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court suggested that the statute of limitations applies on a claim-by-claim basis:
> Section 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual

**MEMORANDUM DECISION AND ORDER - 4**

latest of the date of four possible triggering events, as specified in 28 U.S.C. § 2244(d)(1):

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

If a petitioner's judgment was final before AEDPA was enacted (April 24, 1996), he is entitled to a one-year grace period, and his statute begins on April 24, 1996, and ends on April 24, 1997, absent any tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly files an application for post-conviction relief in state court, the time that the application is pending in state court will *not* count toward the one-year limitation period. However, if the federal statute of

---

predicate).
*Id*. at 416 n.6. *Accord*, *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (statute of limitations applies on a "claim-by-claim basis").

**MEMORANDUM DECISION AND ORDER - 5**

limitations has already expired on a claim at the time the new state application is filed, a new state application cannot re-initiate the expired federal statute. *See Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003).

    2.    <u>Discussion</u>

Petitioner argues that his statute of limitations on his sentencing claim did not start from the date his judgment became final, *see* § 2244(d)(1)(A), but that it started many years later when he discovered the factual predicate of his claims, *see* § 2244(d)(1)(D). This argument is unconvincing because the record makes it clear that Petitioner was or should have been aware of his sentencing claim at the time he was sentenced.

Petitioner particularly alleges that, *before sentencing*, his lawyer informed him that an indeterminate life sentence was the equivalent of a 30-year sentence. When the judge sentenced Petitioner to a 40-year fixed sentence, Petitioner was placed on notice of an obvious discrepancy between the pronounced fixed sentence of 40 years and his alleged understanding that the "indeterminate" portion of his sentence meant that he could be held no longer than 30 years total.

Petitioner was also placed on notice that the indeterminate portion of his sentence could be the remainder of his natural life. In particular, the judge told Petitioner:

> And I don't think there's any doubt in my mind that the cry out for justice from these victims for revenge and punishment demands life imprisonment. That I have no doubt of. And it may be that we could get something to cure you in the future, but I don't know.

(State's Lodging A-2, p. 92.)

**MEMORANDUM DECISION AND ORDER - 6**

The judge further stated:

> And as these victims requested, I'm going to give you life imprisonment, and I'm going to recommend that the parole board not ever turn you loose until you are hopefully old or feeble or you can do no harm to anyone.

(*Id.*)

Finally, the judge decreed:

> What I'm going to do to you, and with the idea that you never should be turned out in society in any manner while you are any danger to anyone, I'm going to impose upon you the following sentence: I'm going to sentence you to the custody of the Idaho State Board of Correction under the unified sentencing law of the State of Idaho for an aggregate term on each count of life imprisonment to be served concurrently. The court specifies a minimum period of confinement of 40 years or the remainder of your natural life for the indeterminate period on each count.

(*Id.* at 93.)

Based on the foregoing, the Court concludes that § 2241(d)(1)(A) governs Petitioner's claims. Because the facts show that the judge was very specific and direct at the sentencing hearing and the meaning of the sentence was very clear, the Court rejects Petitioner's argument that he did not know the factual basis for his claims until he heard from a friend in 2005 that another inmate was challenging an indeterminate sentence in a similar manner.[2] *See* § 2241(d)(1)(D).

---

[2] *See Cox v. Paskett*, CV04-324-S-BLW, filed in this Court. Mr. Cox's claim is dissimilar in that he had a sentence of thirty years fixed with life indeterminate and presently has served over thirty years of his sentence.

**MEMORANDUM DECISION AND ORDER - 7**

Petitioner's statute of limitations would have begun when his judgment became final 90 days after direct appeal,[3] but for the AEDPA grace period. Petitioner's federal statute of limitations began on April 24, 1996, and was immediately tolled as a result of the pendency of his state post-conviction action that had been filed on April 17, 1995. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). In the appellate case affirming dismissal of the post-conviction action, the remittitur was issued on September 30, 1998 (State's Lodging D-13), starting the one-year period. Petitioner's statute expired one year later on September 30, 1999.

Because Petitioner did not file another state action by September 30, 1999, nor did he file his federal habeas corpus petition by that date, his federal statute of limitations expired. His Rule 35 motion, filed in state court on March 9, 2006, was too late to toll the federal habeas corpus statute. *See Ferguson v. Palmateer*, 321 F.3d at 822 ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed"). As a result of the foregoing facts, the Court finds that Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment claims are untimely.

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court

---

[3] The remittitur on Petitioner's appeal issued from the Idaho Supreme Court on May 10, 1994 (State's Lodging B-5), and Petitioner's time to file a petition for writ of certiorari expired on August 9, 1994.

**MEMORANDUM DECISION AND ORDER - 8**

clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418.  In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time.

Here, Respondent argues that there is no factual basis for equitable tolling in the record.  Petitioner has been provided with the standard of law for a showing of equitable tolling from the Court and from Respondent.  Petitioner's briefing does not provide any factual basis for the application of equitable tolling.  As a result, the Court concludes that Petitioner's claims arising from his direct appeal and post-conviction action are barred by the statute of limitations.

Petitioner also argues that his Petition is timely because his claims arise from his Rule 35 illegal sentence claim, which was exhausted on May 8, 2007.  There is no time limit for an illegal sentence claim in state court.  He asserts that his federal Petition should, therefore, should be deemed timely, because his Rule 35 motion is "unrelated" to the earlier post-conviction action.  However, Petitioner fails to recognize that the factual basis of all of the sentencing claims arose at the time of sentencing.[4]  Filing a new state case after the federal statute of limitations does resurrect or restart the old statute of limitations period.  *Ferguson v. Palmateer*, 321 F.3d at 823.  In rejecting this contention,

---

[4] An execution of the sentence claim, rather than a challenge to the underlying sentence itself, would not arise until after Petitioner had actually served 30 years.

**MEMORANDUM DECISION AND ORDER - 9**

the Ninth Circuit concluded that it is unreasonable for a state prisoner to rely on the state statute of limitation (or here, the absence of one) rather than AEDPA's statute of limitation. *Id.*

Even if some of the claims are timely and should not be dismissed on grounds of untimeliness and improper exhaustion,[5] Petitioner's claims are alternatively subject to dismissal for the following reasons.

E.   **Alternative Grounds for Dismissal of Petition**

The Court has authority to review a petition for writ of habeas corpus and to summarily dismiss the petition where "it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court."   Rule 4 of the Rules Governing Section 2254 Cases.  The Court concludes that Petitioner's Petition should be dismissed because he is not entitled to habeas corpus relief on his claims.

   1.   <u>State-Law Issue</u>

All of Petitioner's claims are essentially challenges to the Idaho Court of Appeals' determination of a question of state law: the interpretation of an "indeterminate life sentence" under state statute.  *See State v. Murphy*, 158 P.2d 315 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)); (State's Lodging F-4).  Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application

---

[5] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999),

**MEMORANDUM DECISION AND ORDER - 10**

of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A federal court may review a state court's interpretation of state law only when the state court's interpretation is (1) "untenable," meaning "incapable of being maintained or supported,"[6] or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975).

Here, the Idaho courts' opinions rejecting Petitioner's and other similar claims that a life indeterminate sentence means automatic release after thirty years is not "untenable." Petitioner's legal theory is a variation of a similar argument that other Idaho prisoners have made recently, arguing that because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole eligibility*, it should be considered thirty years (or in this case, forty years) for purposes of *release* from prison. That argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho 1969), in which the Idaho Supreme Court noted that "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences." *Id*. at 260.

---

[6] Oxford English Dictionary online, http://dictionary.oed.com, *untenable* (2d. ed. 1989).

**MEMORANDUM DECISION AND ORDER - 11**

Thereafter, in *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving thirty years. In rejecting that argument, the Idaho Court of Appeals stated:

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id*. at 243.[7]

Adding to this line of cases, the Idaho Court of Appeals expressed its opinion more strongly in Petitioner's own case, holding that "under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 158 P.3d at 316. According to this authority, then, when determining the potential maximum term that a prisoner may eventually be required to serve in Idaho–as opposed to calculating parole eligibility–life means life. Because this state court interpretation of state law is not untenable, it cannot be challenged on federal habeas review. Likewise, the Court finds no "subterfuge to avoid federal review" here.

---

[7] The Idaho Court of Appeals's decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

**MEMORANDUM DECISION AND ORDER - 12**

The interpretation of state statutes is a matter for state courts to determine;[8] the Idaho courts have consistently followed this interpretation for more than twenty years, not just in Petitioner's case; and there is no indication that the Idaho courts are simply attempting to keep a federal issue out of federal court or that they otherwise have an ulterior motive for deciding this issue as they have.

Finally, Petitioner's "30-year-sentence" argument is without factual or legal basis given that a different set of statutes were in place at the time of his sentencing, and therefore he cannot rely on cases interpreting the former set of statutes. Whatever ambiguity that may have existed in Idaho law decades ago does not exist with respect to Petitioner's sentence, because it was imposed years *after* the Idaho Legislature enacted the Unified Sentencing Act. *See State v. Wood*, 876 P.2d 1352, 1354 (Idaho 1993) ("the quote from *King* identified by [inmates] no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986"). Under the Act, the trial court sets a minimum period of confinement during which the defendant is not eligible for parole, together with a subsequent indeterminate period of confinement that cannot exceed the maximum statutory punishment for the crime. Idaho Code § 19-2513.

Here, the sentence was clearly within statutory limits. The penalty for rape is a minimum of one year and a maximum of life imprisonment. Idaho Code § 18-6104. The penalty for robbery is a minimum of five years and a maximum of life imprisonment.

---

[8] *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.").

**MEMORANDUM DECISION AND ORDER - 13**

Idaho Code § 18-6503.  Consistent with these statutory provisions, the trial court in this case sentenced Petitioner to a term of life in prison with the first 40 years fixed on each count.

There being no factual, legal, or federal basis to review Petitioner's claims, they are alternatively dismissed for failure to state a claim upon which relief can be granted.

### 2. Fifth and Fourteenth Amendment Claims

Even if the Court construes Petitioner's sentencing claims as stating due process violations under the federal Constitution, his claims fail on the merits.  In order to obtain federal habeas corpus relief from a state court judgment, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

> 1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Clearly-established case law in this area holds that a criminal sentence is not subject to collateral attack in habeas corpus unless the sentence was not "within the statutory limits" or "the proceeding was . . . infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979).  Due process may be violated if sentences are "imposed on the basis of misinformation of constitutional magnitude." *Roberts v.*

**MEMORANDUM DECISION AND ORDER - 14**

*U.S.*, 445 U.S. 552, 556 (1980) (internal citations omitted) (regarding factual misinformation). If a sentence is "within the limits set by the statute, its severity would not be grounds for relief . . . even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (sentence based on false information with no opportunity to correct it is a due process violation).

As set forth above, Petitioner's sentence of a term of life in prison with the first 40 years fixed was within the statutory limits. In other words, Petitioner will be required to serve 40 years before he can be considered for parole by the Commission of Pardons and Parole, and if the Commission does not release him on parole, he will remain in prison for the rest of his natural life, just as he was told at sentencing. Petitioner's sentence falls within the range authorized by Idaho law, and it is not ambiguous or arbitrary with respect to its terms. The Court also concludes that Petitioner has also failed to show that his sentence was the result of misinformation or that his proceeding was infected with an error of fact or law of a "fundamental" nature that would arise to the level of a constitutional violation. As a result, any such federal due process claim fails on the merits.

**MEMORANDUM DECISION AND ORDER - 15**

3.      Eighth Amendment Cruel and Unusual Punishment Claim

Petitioner also argues that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. This claim is meritless. Petitioner was sentenced to forty years to life. At the time of his sentencing in 1992, his direct appeal in 1994, and the state appellate review of his Rule 35 motion in 2007, precedent from the United States Supreme Court did *not* support Petitioner's argument that his sentence is unconstitutional. *See Hutto v. Davis*, 454 U.S. 370, 372 (1982) ("this Court has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment"); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine); *Lockyer v. Andrade*, 583 U.S. 63, 75 (2003) (a sentence of two consecutive terms of 25 years to life in prison for third strike under California law for petty theft is not cruel and unusual).

At Petitioner's sentencing, the three rape victims detailed the facts surrounding each crime. (See State's Lodging A-2.) The Idaho Court of Appeals described the crimes in its decision to reject Petitioner's argument that his sentence was cruel and unusual punishment:

> A thorough review of the record and the victims' statements reveals that each of the rapes and the related robberies were perpetrated in a cruel and violent manner. Each of the victims stated that Murphy choked, bit, battered and bound them during the course of the rape and at least one victim indicated that Murphy threatened to kill her. Another victim, who

**MEMORANDUM DECISION AND ORDER - 16**

> was seven months pregnant, informed officials that Murphy threatened to punch her in the stomach after learning that she was pregnant. He then proceeded to forcefully violate her vaginally, anally and orally.  The facts also suggest that Murphy did not act out of sudden uncontrolled impulse but deliberately chose the victims and pre-planned his attacks in a predatory manner.  Needless to say, Murphy's crimes significantly impacted the quality of the victims' lives leaving them with constant fear.  With these disturbing facts in mind, we cannot conclude that Murphy's sentences are grossly disproportionate to his crimes.

(State's Lodging D-6, pp. 7-8.)

In summary, nothing in the record shows that the punishment was not fitting for the crimes or that the state court decisions were based upon an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(2).  In addition, Petitioner's sentence is not contrary to *Hutto, Harmelin,* and *Lockyer*, and therefore he is not entitled to relief under §2254(d)(1).

## PETITIONER'S MOTIONS

Petitioner has filed a Motion for Appointment of Counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.  In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Here, because Petitioner has articulated his claims adequately, and because the claims are without merit, the Motion shall be denied.

**MEMORANDUM DECISION AND ORDER - 17**

Petitioner has also filed a Motion to Suppress.  He alleges that the state court records lodged by Respondent are irrelevant to the issues at hand and prejudicial to this case.  To the contrary, the Court finds that the records are relevant to both parties' arguments.

In the alternative, Petitioner requests a copy of the state court records.  Petitioner has stated that he has a few records, but not all of the records and asks the Court to provide him with a complete set of records.  The Court does not entertain blanket requests for the entire record in habeas corpus actions.  Because Petitioner has failed to articulate which records he lacks, the request shall be denied.  In addition, the Court finds nothing in the state court record that would support Petitioner's claims or aid in him making argument that would cause the Court to reconsider dismissal of his Petition.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 9) is GRANTED; in the alternative, Petitioner's Habeas Corpus Petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 12) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Suppress (Docket No. 13) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Status (Docket No. 21) is MOOT.

**MEMORANDUM DECISION AND ORDER - 18**



DATED: **July 7, 2008**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 19**